IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00278-WDM-BNB

SHARON FURNISH,

Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a foreign corporation, and
SCHINDLER ELEVATOR CORPORATION a/k/a or d/b/a MILLAR ELEVATOR SERVICE, INC., a Delaware corporation,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following:

(1)     **Plaintiff's Motion to Compel Discovery Responses from Defendant Schindler and for an Award of Attorney Fees** [Doc. # 65, filed 12/16/2006] ("*Plaintiff's Motion to Compel*"); and

(2)     **Defendants' Motion to Strike Plaintiff's Medical Experts** [Doc. # 69, filed 12/28/2006] (the "*Motion to Strike Experts*").

I held a hearing on the motions on January 29, 2007, and made rulings on the record, which are incorporated here.

I.

Looking first to the *Plaintiff's Motion to Compel*, the parties have reached an agreement on the disputed discovery responses. Pursuant to that agreement, defendant Schindler will supplement its discovery answers to provide information responsive to all disputed interrogatories

and admission requests up to November 1, 2006. Schindler also will produce documents from the elevator log books up to June 2006, and otherwise produce documents responsive to the disputed production requests up to November 1, 2006. In view of this agreement, *Plaintiff's Motion to Compel* is moot insofar as it seeks an order directed at further discovery responses.

Plaintiff also seeks an award of her attorney's fees reasonably incurred in making her motion to compel. I deny that request, finding first that Schindler's objections to the disputed discovery were substantially justified, making an award of fees and costs unjust. See Fed.R.Civ.P. 37(a)(4)(A). In addition, I find that the plaintiff failed to make a good faith effort to obtain the discovery without court action. See Hoelzel v. First Select Corp., 214 F.R.D. 634, 635-36 (D. Colo. 2003)(holding that D.C.COLO.LCivR 7.1A requires more than a single demand and that the parties must "hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach agreement, including by compromise if appropriate"). Instead, the plaintiff sent a single letter demanding supplemental discovery responses; failed thereafter to engage in a good faith conference concerning the disputed discovery; and drafted her motion to compel even before Schindler's responses to her demand letter was due.

II.

Turning to the *Motion to Strike Experts*, the defendants seek an order prohibiting the plaintiff's treating medical providers from providing any opinions "regarding causation of [p]laintiff's injuries or reasonableness and necessity of any of [p]laintiff's treatment." *Motion to Strike Experts*, at p.9.

The dispute concerns treating medical providers, not specially retained experts. The defendants concede that the plaintiff was not required to provide written reports prepared and signed by the medical treaters. Instead, the defendants argue that the plaintiff failed even to disclose the identity of the medical treaters as persons who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, as required by Fed. R. Civ. P. 26(a)(2)(A).

The Scheduling Order, entered on April 19, 2006, required the parties to "designate all experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2)" on or before August 1, 2006. *Scheduling Order* [Doc. # 26], at p.11 (emphasis added). The expert disclosure deadline was extended to September 1, 2006. *Order* [Doc. # 41, filed 8/1/06]. Subsequently, the expert deadline was extended again to allow the parties to "designate all experts concerning elevators" by December 15, 2006. *Order* [Doc. # 59, filed 10/19/2006], at p.2 (emphasis added). That Order specifically provided, however, that "[o]nly the deadline concerning experts on elevators is extended to December 15, 2006. The deadline for all other principal experts expired on September 1, 2006." *Order* [Doc. # 59], at p.2. n.1.

There appears to be no dispute that the plaintiff disclosed the identities of her treating medical providers in her Rule 26(a)(1) voluntary disclosures dated April 12, 2006. She also disclosed the identities of at least some of the treating medical providers in responses to the defendants' written discovery requests, and executed releases for medical records from those providers. It also is undisputed, however, that the plaintiff failed to comply with the formalities of Rule 26(a)(2)(A) requiring that she disclose by September 1, 2006, the identities of the medical

3

care providers as persons "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A).

I would be inclined to grant the *Motion to Strike Experts* except for the events occurring on October 18, 2006, in connection with the hearing and my order on the *Plaintiff's Motion to Amend Scheduling Order.* During that hearing, the issue of the plaintiff's treating medical providers was raised by counsel for defendant U.S. Bank. It is apparent that at that time, which was more than six weeks after the Rule 26(a)(2) disclosures (other than for elevator experts) were due, the defendants were aware of the plaintiff's medical treaters. As to them, U.S. Bank's counsel stated:

> With respect to treating physicians, although they are not specially retained in this matter, they are required to be disclosed pursuant to the rule. There are just truncated report requirements. . . . As long as testimony is limited to the treating physicians, what they observed at that time, my only objection would be to opinion as to her [the plaintiff's] ability to work, as those opinions were not endorsed and do not appear in her medical records.

Record of Proceedings, October 18, 2006, at 4:33:22-54 p.m. Plaintiff's counsel raised no objection to this statement.

It appears that since October 18, 2006, the plaintiff has relied on the statements made at that hearing. Fairness dictates that I enforce the limitation placed on the record on October 18, but it would be unfair now to further limit or to strike the opinion testimony of the plaintiff's treating medical providers.

### III.

IT IS ORDERED that the Plaintiff's Motion to Compel is DENIED AS MOOT insofar as it seeks an order compelling further responses to plaintiff's second discovery requests, in view of the parties' agreement on all disputed requests. Schindler shall provide supplemental discovery responses consistent with the parties' agreement on or before **February 9, 2007**.

IT IS FURTHER ORDERED that the plaintiff's request for attorneys' fees in connection with her motion to compel is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike Experts is GRANTED in part as follows:

(1)   The plaintiff shall specify the identities of the particular medical care providers she will call at trial by **February 9, 2007**; and

(2)   Consistent with limitations stated on the record at the hearing on October 18, 2006, the opinion testimony of the plaintiff's treating health care providers shall exclude any opinions concerning the plaintiff's ability to work.

IT IS FURTHER ORDERED that the Motion to Strike Experts is DENIED in all other respects.

Dated January 30, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge